IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Breaking Glass Pictures,          :

      Plaintiff,            :

  v.                              :      Case No. 2:13-cv-396

                             :      JUDGE GREGORY L. FROST
Does 1-25,                               Magistrate Judge Kemp

      Defendants.          :

ORDER

This matter is before the Court on the motion for leave to take discovery prior to the Rule 26(f) conference filed by plaintiff Breaking Glass Pictures.  For the following reasons, the motion for leave (#3) will be granted.

I.

This is a copyright infringement and contributory copyright infringement case involving the file transfer technology known as BitTorrent.  The use of this technology, which allows peer-to-peer file sharing, has resulted in much litigation as of late. See, e.g., Third Degree Films, Inc. v. John Does 1-72, 2013 WL 1164024 (E.D. Michigan March 18, 2013)(provides detailed explanation of BitTorrent file-sharing protocol).  The focus of the litigation has been the alleged use of this technology to unlawfully reproduce and distribute via the internet copyrighted motion pictures.  The particular motion picture at issue in this case is "6 Degrees of Hell."

In this case, Breaking Glass has identified twenty-five Doe defendants by the internet protocol (IP) address assigned to them by their internet service providers (ISPs).  Breaking Glass has attached to its complaint the ISP for each defendant, the torrent file copied and distributed by them, and their location at the

time of the allegedly infringing download.  Through its current
motion, Breaking Glass seeks to serve a Rule 45 subpoena on the
ISPs that issued the IP addresses to uncover the identity of the
account holders of these IP addresses, including their names,
current and permanent addresses, telephone numbers and email
addresses.  The identified ISPs include AT&T U-verse, Clearwire
Corporation, Comcast Cable, Fuse Internet Access, Road Runner,
and Windstream Communications. Breaking Glass states that any
information disclosed in response to the subpoena will be used
only for the purpose of protecting its rights under the Copyright
Act.

II.

Fed.R.Civ.P. 26(d) provides generally that discovery may not
begin prior to the Rule 26(f) conference.  However, Rule 26(d)
also provides that expedited discovery may be conducted prior to
that conference when authorized by court order.  Consequently, a
district court has the discretion to permit discovery prior to a
Rule 26(f) conference.  See, e.g., Qwest Communs. Int'l Inc. v.
Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003).
Courts within the Sixth Circuit require a showing of good cause
in order to authorize expedited discovery.  Tesuco Holdings Ltd.
v. Does 1-12, 2012 WL 6607894 (E.D. Tenn. December 18, 2012).

Good cause may be found based upon "(1) allegations of
copyright infringement, (2) the danger that the ISP will not
preserve the information sought, (3) the narrow scope of the
information sought, and (4) the conclusion that expedited
discovery would substantially contribute to moving the case
forward."  Best v. Mobile Streams, Inc., 2012 WL 5996222, *1
(S.D. Ohio November 30, 2012), citing Arista Records, LLC v. Does
1-9, 2008 WL 2982265 (S.D. Ohio July 29, 2008).  Courts also look
to whether evidence would be lost or destroyed with time and
whether the proposed discovery is narrowly tailored.  Id.; see

also Arista Records, LLC v. Does 1-15, 2007 WL 5254326 (S.D. Ohio
May 17, 2007).

Breaking Glass contends that it has demonstrated good cause
under the standards described above.  On this issue, Breaking
Glass asserts that it can show irreparable harm from the
infringement of the copyrighted motion picture.  According to
Breaking Glass, it has a valid copyright in the motion picture,
defendants had access to the film, and substantial similarity
exists between its copyrighted work and the alleged infringing
work.  Further, Breaking Glass argues that defendants will not be
prejudiced by the proposed expedited discovery because it is
narrowly tailored and sought for a very limited purpose.
Finally, it contends that it has no other means for obtaining the
identities of the Doe defendants.

Breaking Glass also argues that "courts throughout the
country" have "consistently" granted motions for expedited
discovery in actions against BitTorrent defendants.  The Court's
review of the authority cited by Breaking Glass indicates that
this is generally true.  Courts within the Sixth Circuit have
found good cause and granted motions for expedited discovery in
such actions as well.  See, e.g., Vision Films, Inc. v. Does 1-
16, 2013 WL 1385206 (E.D. Tenn. April 3, 2013); Malibu Media, LLC
v. John Does 1-9, 2013 WL 142083 (E.D. Mich. January 11,
2013)(granting motion in part).

In granting expedited discovery in BitTorrent cases, courts
have found several factors significant.  One such factor is the
specificity with which the defendants have been identified,
including the assigned IP addresses, the date and time of the
alleged illegal download, the hash identifier of the downloaded
file, the ISP, and the location of the IP address.  Also
significant are the steps taken by the plaintiff to locate and
identify the Doe defendants.  Further, courts have looked to

whether the elements of a copyright infringement claim have been
pled.  Courts also have considered whether the proposed discovery
seeks information likely to lead to information which would allow
a plaintiff to effectuate service on the defendants.  Finally,
courts have considered the likelihood of prejudice to any alleged
infringers.  See, e.g., Vision Films, 2013 WL 1385203, at *2.

As noted above, in Exhibit 2 to its complaint, Breaking
Glass provides the IP address assigned to each Doe defendant, the
date and time of the download at issue, the hash identifier, the
ISP, and the location of the IP address.  The Court concludes
that, based on this information, Breaking Glass has identified
the Doe defendants with sufficient specificity.  Further, based
on the declaration of Darren M. Griffin, a software consultant,
Breaking Glass has described in detail its efforts to identify
the Doe defendants.  Additionally, Breaking Glass has pled a
copyright infringement claim.  Finally, Breaking Glass has
demonstrated that the information it seeks is likely to lead to
information which will allow it to identify and perfect service
on the Doe defendants.

Given Breaking Glass's stated purpose in seeking this
information, there is no suggestion that the Doe defendants would
be prejudiced by allowing such limited expedited discovery.
Rather, as the Court explained in Malibu Media, LLC v. John Does
1-23, 2012 WL 1144822, *2 (D. Colo. April 4, 2012),

> Much like the Arista Records defendants,
> Defendants here have engaged in anonymous online
> behavior, which will likely remain anonymous unless
> Plaintiff is able to ascertain their identities.  Thus,
> Plaintiff reasonably believes that there are no
> practical methods to discover Defendants' identities
> without court-ordered discovery.  Accordingly, because
> it appears likely that Plaintiff will be thwarted in
> its attempts to identify Defendants without the benefit
> of formal discovery mechanisms, the court finds that
> Plaintiff should be permitted to conduct expedited
> discovery, pursuant to Fed.R.Civ.P. 45, for the limited

-4-

purpose of discovery the identities of Defendants.

Taking all of the above into account, the Court concludes that Breaking Glass has demonstrated good cause for the expedited discovery.  Consequently, the motion for leave to take discovery will be granted.  In reaching this conclusion, the Court notes that Breaking Glass also has raised the issue of joinder in its motion.  The Court, however, finds any discussion of that issue at this stage of the case to be premature.

III.

For the reasons stated above, the motion for leave to take discovery (#3) is granted.  The plaintiff may serve immediate discovery on AT&T U-verse, Clearwire Corporation, Comcast Cable, Fuse Internet Access, Road Runner, and Windstream Communications to obtain the identity of each Doe defendant by serving a Rule 45 subpoena seeking documents including the name, current (and permanent) addresses and telephone numbers, and e-mail addresses for each defendant.  The disclosure of this information is ordered pursuant to 47 U.S.C. §551(c)(2)(B).  Any such information disclosed may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.

/s/ Terence P. Kemp
United States Magistrate Judge

-5-